Erik Swanholt, Bar No. 198042
Foley & Lardner LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Telephone: 213.972.4614
Facsimile: 213.486.0065
Email: eswanholt@foley.com

Micah Chavin, Bar No. 313634
Foley & Lardner LLP
555 California St, Suite 1700
San Francisco, CA 94104
Telephone: 415.434.4484
Facsimile: 415.434.4507
Email: micah.chavin@foley.com

Attorneys for Defendant
ZURU, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEYTH DAUOD, individually, and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZURU, LLC a California limited liability corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:24-cv-09737<br><br>**DEFENDANT ZURU, LLC'S NOTICE OF REMOVAL OF STATE ACTION**<br><br>28 U.S.C. §§ 1332, 1441, 1446, 1453<br><br>Complaint Filed: October 22, 2024<br>(Los Angeles County Superior Court, Case No. 24STCV27674) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, Defendant ZURU, LLC ("ZURU" or "Defendant") hereby removes this action by Plaintiff Leyth Dauod from the Superior Court of the State of California for the County of Los Angeles, where the action is currently pending, to the United States District Court for the Central District of California.  In

support of this Notice of Removal, Zuru states as follows:

## I. BACKGROUND

### A. Removal is Timely and Venue is Proper

1. On October 22, 2024, Plaintiff filed this action in the Superior Court of the State of California for the County of Los Angeles, *LEYTH DAUOD, individually and on behalf of all others similarly situated, v. ZURU[,] LLC and DOES 1 through 10, inclusive*, Case No. 24STCV27674 ("State Court Action"); ZURU was served with a copy of the Summons and Complaint by process server on October 23, 2024. A true and correct copy of the State Court Action file, including the Complaint and Summons is attached as **Exhibit A**.

2. This Notice of Removal is timely because it is filed within 30 days of the October 23, 2024, service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

3. The State Court Action was filed in Los Angeles County Superior Court. Los Angeles County is located within the Central District of California. 28 U.S.C. § 84(c)(2). Therefore, the Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. § 1446(a).

### B. Plaintiff Filed a Putative Class Action Complaint

4. Plaintiff's grievances relate to the presence of organic fluorine in one sample of ZURU's Bunch O Balloons Self-Sealing Water Balloons ("Product" or "Products") that Plaintiff admits does not violate current California state limits. Instead, Plaintiff alleges that the nondisclosure of below-limits PFAS coupled with the Products' marketing and advertising related to sustainability caused Plaintiff to buy the Products where he would not have otherwise. Compl. ¶¶ 30-34, 40, 41. Based on these allegations, Plaintiff asserts three claims against ZURU for violations of the (1) Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) False and Misleading Advertising, §§ 17500 et seq.; and (3) Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. *See id.* ¶¶ 70-117.

5. Plaintiff brings the three claims "on his own behalf and on behalf of all other persons similarly situated," *id.* at ¶60, and pursuant to California Civil Code § 1781. *Id.* at ¶ 100.

## II. THE STATE COURT ACTION IS REMOVABLE UNDER CAFA

6. Federal diversity jurisdiction exists over this action under CAFA, 28 U.S.C.

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

4872-5995-3910.2

1   § 1332(d). Section 1332(d) grants United States District Courts original jurisdiction over any class
2   action where (1) the lawsuit is a class action; (2) the number of members of all proposed classes in
3   the aggregate is 100 or more; (3) the matter in controversy exceeds, in the aggregate, the sum or
4   value of $5,000,000, exclusive of interests and costs; and (4) at least one member of the plaintiff
5   class is a citizen of a State different from any defendants. *See* 28 U.S.C. § 1332(d)(2)(A) and 5(B).
6   As explained below, each CAFA requirement is met.

7   **A.   The Lawsuit is a Class Action Under CAFA and The Class Consists of 100 or**
8   **More Members**

9   7.   The State Court Action meets the CAFA definition of a class action because Plaintiff
10  brought the action "pursuant to California Civil Code § 1781," Compl., ¶ 100, which is a "civil
11  action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of
12  judicial procedure[.]" 28 U.S.C. § 1332(d)(1)(B); *id.* § 1453(a) & (b); Cal. Civ. Code § 1781.

13  8.   Plaintiff purports to bring claims on behalf of himself and a class of "[a]ll persons
14  who purchased the Products in the State of California during the period of four (4) years preceding
15  the date of the filing of this class action through the present." Compl. ¶ 60. Plaintiff further alleges
16  the Products were sold at big box stores and internet websites of large retailers, such as "Target,
17  Ralph's, Walmart, Costco, and Amazon." *Id.* at ¶ 5. He alleges that "Defendant was able to sell
18  the Products to thousands of consumers throughout California and the rest of the United States."
19  *Id.* at ¶ 8. Plaintiff further alleges the number of class members is "great enough such that joinder
20  is impracticable." *Id.* at ¶ 62.

21  9.   Plaintiff's allegations establish that the putative class consists of more than 100
22  members. Plaintiff's allegations are sufficient to determine that this CAFA requirement is met.
23  *Clay v. Chobani LLC*, No. 14CV2258 BEN DBH, 2015 WL 4743891, at *3 (S.D. Cal. Aug. 10,
24  2015) ("A plaintiff's allegations may satisfy CAFA's numerosity requirement.") (citing *Kuxhausen*
25  *v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013)).

26  **B.   The Amount in Controversy Exceeds $5,000,000**

27  10.  The amount in controversy requirement is satisfied if the aggregated claims of the
28  putative class exceed $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(6). The

1  amount in controversy requirement includes compensatory damages, punitive damages, and
2  attorney's fees. *Martin v. Container Store, Inc.*, 601 F. Supp. 3d 614, 616 (C.D. Cal. 2022). The
3  aggregated cost of injunctive relief is also included. *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH,
4  2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015). Furthermore "only a plausible allegation
5  that the amount in controversy exceeds the jurisdictional threshold" is required." *Dart Cherokee*
6  *Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495
7  (2014). A removing defendant may make a "reasonable extrapolation[] from the plaintiff's
8  allegations suffic[ient] to establish the amount in controversy." *Patel v. Nike Retail Servs., Inc.,* 58
9  F. Supp. 3d 1032, 1041 (N.D. Cal. 2014); *see also Archuleta v. Avcorp Composite Fabrication,*
10 *Inc.,* 2018 WL 6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that defendants are entitled to make
11 'reasonable extrapolations' from the allegations in the complaint, and that those extrapolations can
12 establish the amount in controversy if unrebutted by the plaintiff").

13  11.  Here, reasonable extrapolations from the complaint establish the amount in
14 controversy. Plaintiff alleges that ZURU sold "thousands" of Products and that the Products were
15 sold at large third-party retailers, omnipresent throughout California. Compl., ¶¶5, 8, 62. Plaintiff
16 alleges the price ranged "from $8.99 to $11.99 per product." *Id.* ¶8. Plaintiff seeks restitution for
17 all these purchases for over a four year period. *Id.* ¶¶85, 98, 117. A reasonable extrapolation from
18 these allegations alone exceeds the $5,000,000 threshold.

19  12.  Additionally, Plaintiff seeks an order compelling ZURU to (1) test the Products for
20 organic fluorine, (2) change the marketing and advertising of ZURU brand and Products as being
21 sustainable if *any* "detectable levels" of organic fluorine are found, and (3) add warnings about
22 organic fluorine if *any* "detectable levels" of organic fluorine is found in the Products. *Id.* at ¶¶ 84,
23 97, 116. The aggregated costs to ZURU if such injunctive relief is awarded, in addition to the
24 requested restitution, further pushes the amount in controversy well over the $5,000,000 threshold.

25  13.  Plaintiff also seeks punitive damages and attorney's fees. *Id.* at prayer for relief,
26 FIRST AND SECOND CAUSES OF ACTION, THIRD CAUSE OF ACTION.

27  14.  While the cost of restitution alone would reasonably exceed the $5,000,000 limit to
28 satisfy CAFA's amount in controversy requirement, the threat of punitive damages and attorney's

fees, coupled with the cost of complying with injunctions implementing additional product testing and warning, establishes that the amount in controversy is met.

15. ZURU disputes that it is liable for any alleged damages.

**C. Minimal Diversity Exists**

16. Under CAFA, minimal diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Because a class member "means the persons (named or unnamed) who fall within the definition of the proposed … class in a class action, 28 U.S.C. § 1332(d)(1)(D), the citizenship of an unnamed plaintiff may be considered. *See Brickan v. Fed. Sav. Bank*, No. 8:22-CV-01053-JWH-KES, 2023 WL 2390620, at *2 (C.D. Cal. Mar. 6, 2023).

17. As alleged in the Complaint, ZURU is a "California corporation existing under the laws of the State of California." Compl. ¶ 49. Accepting this allegation as true, for purposes of diversity, ZURU is a citizen of California. *See e.g., Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010); *see also* 28 U.S.C. § 1332(d)(10).

18. Plaintiff alleges he "resides in California." Compl. ¶ 57. He does not allege he is a citizen of California. *See id. passim;* see also *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("citizens" are different than "residents" with regards to CAFA).

19. Additionally, on information and belief, at least one class member is not a citizen of California. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (holding that short and plain statement of parties' citizenships based on information and belief satisfied burden of pleading minimal diversity under CAFA). As alleged, the putative class consists of "[a]ll persons who purchased the Products in the State of California" during the relevant period. It can be reasonably deduced that at least one nonresident purchased the Product in California, such as someone on vacation in California or a college student who temporarily resides in California but remains a citizen of another state. *See Hargett*, 854 F.3d at 965.

20. Accordingly, based on the allegations in the Complaint, at least one putative class member has diverse citizenship from ZURU. 28 U.S.C. § 1332(d)(2)(A).

21. Additionally, the CAFA exceptions to removal are inapplicable.

## III. NOTICE

22. 28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the State Court Action be attached to the Notice of Removal. These materials are attached to this Notice as **Exhibit A**.

23. A copy of this Notice of Removal is being contemporaneously filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles and served upon Plaintiff, pursuant to 28 U.S.C. § 1446(b).

## IV. CONCLUSION

24. By removing this action from the Superior Court of the State of California for the County of Los Angeles, ZURU does not waive any defenses available to it.

25. By removing this action from the Superior Court of the State of California for the County of Los Angeles, ZURU does not admit any of the allegations in the Complaint.

WHEREFORE, for the foregoing reasons, federal jurisdiction exists under 28 U.S.C. §§ 1332(d), 1441, 1446, 1453. ZURU respectfully removes the above captioned from the Superior Court of the State of California for the County of Los Angles to the United States District Court for the Central District of California.

Dated: November 12, 2024

/s/ Micah A. Chavin
ERIK SWANHOLT
MICAH CHAVIN
FOLEY & LARDNER LLP

**ATTORNEYS FOR DEFENDANT ZURU, LLC**

PROOF OF SERVICE

I am employed in the **County of San Francisco**, **State of California**. I am over the age of 18 and not a party to this action; my current business address is 555 California Street, Suite 1700, San Francisco, CA 94104.

On November 12, 2024, I served the foregoing document(s) described as: **DEFENDANT ZURU, LLC'S NOTICE OF REMOVAL OF STATE ACTION** on the interested parties in this action as follows:

Paul Stevens
Stevens, LC
1855 Industrial St, Suite 518
Los Angeles, CA 90021
Email: pstevens@stevensic.com
Attorney for Plaintiff

__X__  BY E-MAIL
   __X__  I served the foregoing document via e-mail to the addressees above at the e-mail addresses listed therein.

__X__  BY CM/ECF
   __X__  I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

__x__  Executed on November 12, 2024, at San Francisco**, California**.

__x__  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Heather Pruitt_ (signature)
Heather Pruitt