Erik Swanholt, Bar No. 198042
Foley & Lardner LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Telephone: 213.972.4614
Facsimile: 213.486.0065
Email: eswanholt@foley.com

Micah Chavin, Bar No. 313634
Foley & Lardner LLP
555 California St, Suite 1700
San Francisco, CA 94104
Telephone: 415.434.4484
Facsimile: 415.434.4507
Email: micah.chavin@foley.com

Attorneys for Defendant
ZURU, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEYTH DAUOD, individually, and on behalf of all other similarly situated, | Case No. 2:24-cv-09737 |
| Plaintiff, | DECLARATION OF MICAH A. CHAVIN IN SUPPORT OF NOTICE OF REMOVAL |
| v. | |
| ZURU, LLC a California limited liability corporation; and DOES 1 through 10, inclusive, | |
| Defendant. | |

**DECLARATION OF MICAH A. CHAVIN**

I, Micah A. Chavin, declare as follows:

1.     I am an attorney at law duly admitted to practice before the courts of the State of California. I am an attorney at Foley & Lardner LLP, attorneys of record for ZURU, LLC ("ZURU"). I have personal knowledge of the facts stated herein, and, if called upon to do so, I could and would competently testify thereto, under oath.

2.     On October 22, 2024, Plaintiff filed this action in the Superior Court of the State of

California for the County of Los Angeles, *LEYTH DAUOD, individually and on behalf of all others similarly situated, v. ZURU[,] LLC and DOES 1 through 10, inclusive*, Case No. 24STCV27674 ("State Court Action"); ZURU was served with a copy of the Summons and Complaint by process server on October 23, 2024. A true and correct copy of the State Court Action file, including the Complaint and Summons is attached as Exhibit A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 12, 2024, at Sacramento, California.

/s/ Micah A. Chavin
Micah A. Chavin

# EXHIBIT A



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Paul D. Stevens (SBN 207107), Lauren A. Bochurberg (SBN 333629)<br>STEVENS LC, 1855 Industrial St., Suite 518, Los Angeles, CA 90021<br><br>TELEPHONE NO.: 213-270-1215          FAX NO. :<br>EMAIL ADDRESS: pstevens@stevenslc.com; lbochurberg@stevenslc.com<br>ATTORNEY FOR *(Name):* Plaintiff, LEYTH DAUOD | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/22/2024 3:25 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By C. Vega, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk / Central

CASE NAME:
LEYTH DAUOD, individually and on behalf of others v. ZURU LLC. and DOES 1 through 10, inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24STCV27674 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):*
5. This case [x] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 22, 2024

Paul D. Stevens
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| LEYTH DAUOD v. ZURU LLC. and DOES 1 through 10, inclusive | 24STCV27674 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| LEYTH DAUOD v. ZURU LLC. and DOES 1 through 10, inclusive | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| LEYTH DAUOD v. ZURU LLC. and DOES 1 through 10, inclusive | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| LEYTH DAUOD v. ZURU LLC. and DOES 1 through 10, inclusive | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>LEYTH DAUOD v. ZURU LLC. and DOES 1 through 10, inclusive | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY:                STATE:            ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _10/22/2024_____            _____
                                                                                    (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Paul D. Stevens (Cal. Bar. No. 207107)
pstevens@stevenslc.com
Lauren A. Bochurberg (Cal. Bar. No. 333629)
lbochurberg@stevenslc.com
**STEVENS, LC**
1855 Industrial Street, Suite 518
Los Angeles, California 90021
Tel: (213) 270-1211

*Attorneys for Plaintiff and the Proposed Class*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/22/2024 3:25 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF LOS ANGELES

| | |
|---|---|
| LEYTH DAUOD, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ZURU LLC. and DOES 1 through 10, inclusive,<br><br>　　　　Defendant. | Case No. 24STCV27674<br><br>CLASS ACTION COMPLAINT<br><br>1. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*<br>2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*<br>3. VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.* (Consumers Legal Remedies Act)<br><br>DEMAND FOR JURY TRIAL |

1

CLASS ACTION COMPLAINT

Plaintiff Leyth Dauod (hereinafter "Plaintiff"), individually and on behalf of himself and others similarly situated (hereinafter "the Class" or "Class Members"), alleges the following:

## I.    NATURE OF THE ACTION AND STATEMENT OF FACTS

1.      This is an important consumer protection matter that concerns two issues: i) the omission and non-disclosure of information that is a material concern for consumers—the existence of, and potential health risks from, organic fluorine in juvenile toy products produced, marketed and sold by ZURU, LLC. ("Defendant") under the brand name "Bunch O Balloons" and specifically, its Bunch O Balloons Self-Sealing Water Ballons; and ii) false and misleading marketing of ZURU as being a socially conscious, "sustainable" and "quality" brand given the existence of, and potential health risks from, organic fluorine in ZURU Bunch O Balloons Self-Sealing Water Balloons.

2.      Defendant is a manufacturer, distributor, and marketer of a variety of juvenile toy products.

3.      The product at issue is Defendant's Bunch O Balloons Self-Sealing Water Ballons (hereinafter individually referred to as "Product", plurally referred to as "Products").

4.      The Products that were manufactured, marketed, advertised and sold by Defendant over the proposed class period and are currently being manufactured, marketed, advertised and sold by Defendant, and the Product purchased by Plaintiff and tested by Plaintiff as set forth herein, were and are substantially similar. The Products are the same Self-Sealing Water Balloons, all have the same essential design with variances in color options and all are made from the same manufacturing process.

5.      Defendant offers the Products for sale through various channels, including third-party retail outlets and internet websites such as Target, Ralph's, Walmart, Costco, and Amazon.

6.      As set forth below, through an extensive, widespread, comprehensive, and uniform nationwide marketing campaign, including creating marketing materials pertaining to

the Products for third-party sellers, Defendant promoted itself and the Products as being sustainable, quality products.

**A. Defendant's False, Misleading And Deceptive Marketing Of The Products.**

7.    During the Class Period defined herein, dating from four (4) years prior to the date of the filing of the complaint, Defendant promoted, and continues to promote, the ZURU brand and Products through the following false, misleading and deceptive statements on ZURU's brand website pages.  The images of the website pages and the statements and terminology that are false, misleading and or add to the deception are identified in bold are set forth below:

i.



# Let's Reimagine

Let's reimagine a world unbridled by restraint. Where anything you can think, you can do. Where anything you design, you can make. Where creativity is free to roam, and where imagination unleashes innovation, excitement, connection and joy. That's the power of play, and at ZURU Toys, we're reimagining it, every day.

Here, creativity is the tool. Scale, automation and agility are the strengths. And better solutions is the goal, delivering quality, relevance and affordability for all. Driven by heart and connected by our desire for improvement, together, we're redefining the status quo by reimagining tomorrow.

- And better solutions is the goal, **delivering quality**, relevance and affordability for all.
- Driven by heart and connected by our desire for improvement, together, we're redefining the status quo by reimagining tomorrow.
  https://zurutoys.com/about

CLASS ACTION COMPLAINT

ii.



# Our Team and Culture

At ZURU Toys, we're a team of high-performing people brought together by our shared purpose. With offices across 10 countries, our diverse and global team is bound by a desire to think differently, disrupt the status quo and have fun doing it.

People are at the heart of our company, and the needs and values of people are at the heart of everything we make. Championing the driven and the brave, our supportive, tight-knit culture excels at giving our people the trust and freedom to work with speed, agility and initiative - enabling themselves, and their projects to flourish. At ZURU, anything you do, you do on a global scale, so opportunities for career growth are endless. If you're talented, tenacious, and looking for something more, talk to us about joining the team!

- At ZURU toys, we're a team of high-performing people brought together by our shared purpose.
- People are at the heart of our company, and **the needs and values of people are at the heart of everything we make.**
  https://zurutoys.com/about

CLASS ACTION COMPLAINT

iii.



- **Sustainability** is a commitment to current and future generations, to leave this world better than when we were brought into it.
- The **social conscience of our society is growing** every day and **so too is the social conscience of our company.**
- We have individuals in our team who are **extremely passionate about sustainability** and are constantly looking at how we can **incorporate sustainable practices into our business, products, and future lines of toys and consumer goods.**
- We **incorporated this mentality into the production of ZURU Bunch O Balloons.**
- **Our balloons are made from natural rubber latex** and the stems can also be easily recycled through your regular recycling bins.
  https://zurutoys.com/about

8.      Through Defendant's marketing and advertising campaign, Defendant was able to sell the Products to thousands of consumers throughout California and the rest of the United States. The Products are sold individually for prices ranging from $8.99 to $11.99 per product.

9.      Plaintiff read, believed, and relied upon Defendant's marketing and advertising of the ZURU brand and Products set forth in paragraph 7 (i-iii) herein as "[a]nd better solutions is the goal, delivering quality, relevance and affordability for all", "[p]eople are at the heart of our company, and the needs and values of people are at the heart of everything we make", "sustainability is a commitment to current and future generations, to leave this world

better than when we were brought into it", "[t]he social conscience of our society is growing every day and so too is the social conscience of our company", "[w]e have individuals in our team who are extremely passionate about sustainability and are constantly looking at how we can incorporate sustainable practices into our business, products, and future lines of toys and consumer goods", "[w]e incorporated this mentality into the production of ZURU Bunch O Balloons", and "[o]ur balloons are made from natural rubber latex and the stems can also be easily recycled through your regular recycling bins" (hereafter collectively referred to as "the Misrepresentations") when purchasing the Products.

10.     Plaintiff reasonably understood the net impression of the Misrepresentations to mean that the Products are sustainable, quality products.

11.     Currently, there is significant public health concern about the materials and chemicals used in the toy industry.[1] [2]

12.     In addition, consumers today are increasingly conscious of brands' efforts to make a positive difference in the world.[3]  Sustainable marketing is the promotion of environmentally and socially responsible products, practices, and brand values.[4] [5] Incorporating social responsibility into brands' public relations strategies can make a profound impact on consumer decisions.

13.     Thus, there is a continuous incentive for a company such as Defendant's to market itself as being a socially conscious and "sustainable" brand.

---

[1] https://www.nbcnews.com/health/kids-health/health-warning-water-bead-toys-danger-rcna144152
[2] https://www.nytimes.com/2020/11/23/parenting/home-flame-retardants-dangers.html
[3] See https://www.linkedin.com/pulse/5-key-elements-successful-wellness-brand-pr-strategy-examples
[4] https://www.smartinsights.com/online-brand-strategy/brand-positioning/sustainable-marketing-how-should-you-use-it/
[5] https://abmatic.ai/blog/sustainable-marketing-strategies-building-brands-with-environmental-responsibility#:~:text=Sustainable%20marketing%20focuses%20on%20integrating,customers%20who%20value%20environmental%20stewardship.

CLASS ACTION COMPLAINT

**B.  The Existence Of Chemicals In the Products That Implicates Health And Safety Concerns That A Reasonable Consumer Would Find Material**.

14.     The Products at issue contain, among other things, organic fluorine, which places consumers at risk of PFAS exposure.

15.     According to the U.S. Centers for Disease Control and Prevention (CDC), PFAS are a group of over 9,000 synthetic chemicals that have been used in industry and consumer products, worldwide, for over 70 years.[6]

16.     The California legislature has found and declared the following: "PFAS," are highly toxic and highly persistent in the environment. See Cal Health & Safety Code § 108981(a).

17.     The California legislature has found and declared the following: PFAS are referred to as "forever chemicals" because they are extremely resistant to degradation in the natural environment, including the water, the soil, the air, and our bodies, because of their carbon-fluorine bond, one of the strongest bonds known in nature. See Cal Health & Safety Code § 108981(b).

18.     The California legislature has found and declared the following: PFAS have been linked by scientific, peer- reviewed research to severe health problems, including breast and other cancers, hormone disruption, kidney and liver damage, thyroid disease, developmental harm, and immune system disruption, including interference with vaccines. See Cal Health & Safety Code § 108981(c).

19.     The CDC outlines several health effects associated with PFAS exposure, including cancer, liver damage, decreased fertility, increased risk of asthma and thyroid disease.[7]

---

[6] https://www.cdc.gov/niosh/topics/pfas/default.html
[7] https://www.atsdr.cdc.gov/pfas/health-effects/index.html ; see also
https://www.hsph.harvard.edu/news/hsph-in-the-news/pfas-health-risks-

7
CLASS ACTION COMPLAINT

20.    Other studies have associated exposure to PFAS with increased pregnancy losses, disruption in sex hormone homeo-statis and sexual maturation.[8]

21.    Because of the widespread use of PFAS, they can be found in water, air, animals, and soil at locations across the nation and the globe. Due to this widespread use, the CDC's National Health and Nutrition Examination Survey (NHANES) found PFAS in the blood of 97 percent of Americans, suggesting virtually ubiquitous exposure of Californians to these highly toxic chemicals. Widespread use has also resulted in broad PFAS dispersal in indoor and outdoor environments, including the PFAS contamination of the drinking water of approximately 16 million Californians, particularly in disadvantaged communities, of breast milk, and of indoor and outdoor air. See Cal Health & Safety Code § 108981(e).

22.    Because PFAS chemicals are "forever chemicals" and accumulate in the human body and environment, there is no safe manner or level of exposure to humans.

23.    Under the California Health & Safety Code, the presence of PFAS in a juvenile and other products are measured in total organic fluorine. See, for example, Cal. Health & Safety Code §§ 108945(b)(2); 108970(g)(2); § 109000 (a)(3)(B).

24.    While the California Health & Safety Code permits certain levels of organic fluorine in certain products as of January 1, 2023, the omission and non-disclosure of information that is a material concern for consumers is different than compliance under the California Health & Safety Code, which only concerns production and distribution, not otherwise lawful disclosures or warnings.  Therefore, required disclosures and warnings are an issue not addressed or covered by the Health & Safety Code.  Indeed, Governor Gavin Newsom's veto message in vetoing a "disclosure" bill for products containing PFAS (Assembly Bill No. 2247) makes clear disclosure requirements are a separate issue not covered by current legislation.[9]

---

underestimated/#:~:text=A%20recent%20review%20from%20the,of%20asthma%20and%20thyroid%20disease

[8] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2679623/

[9] www.gov.ca.gov/wp-content/uploads/2022/09/AB-2247-VETO.pdf?emrc=cc359d

CLASS ACTION COMPLAINT

25.     Leading science has also directed that identification of organic fluorine in industry and consumer products is an indicator that encompasses the total content of both known and unknown types of PFAS, unlike traditional targeted analyses that can reliably quantify only a few dozen known PFAS that have commercially available analytical standards."[10]

26.     Plaintiff commissioned independent third-party testing to determine whether the Product contains organic fluorine.

27.     The independent testing by Plaintiff was performed by an independent analytical contract laboratory founded in 1950. The laboratory is compliant with the Code of Federal Regulations (CFR) parts 210 and 211 for analytical subcontract laboratories, as well as GLP/cGMP compliant, FDA registered and maintains a current ISO 17025 accreditation. The laboratory is also listed on the Consumer Product Safety Commission's website as an accredited analytical testing laboratory.

28.     The testing conducted by the laboratory was conducted in accordance with accepted industry standards for detecting the presence of organic fluorine.

29.     The testing was performed at the independent analytical contract laboratory's facilities.

30.     Plaintiff conducted testing on the same Product Plaintiff purchased and near in time to Plaintiff's purchase. Specifically, Plaintiff was a frequent shopper of the Product and purchased the Product in Los Angeles County in Spring 2023. The tested product purchase date was April 27, 2024, which was within twelve (12) months of Plaintiff's last purchase.  The product tested, the tested product purchase date, the source of the tested product, the test date and the test result are set forth below:

---

[10] Anna S. Young, Heidi M. Pickard, Elsie M. Sunderland, and Joseph G. Allen; "Organic Fluorine as an Indicator of Per- and Polyfluoroalkyl Substances in Dust from Buildings with Healthier versus Conventional Materials" *Environmental Science & Technology*. November 4, 2022.

CLASS ACTION COMPLAINT

- **Product Tested**: Bunch O Balloons Self-Sealing Water Balloons
  **Tested Product Purchase Date**: April 27, 2024
  **Source of Tested Product**: random sample purchase from a Target retail store located in Los Angeles, CA.
  **Test Date**: May 24, 2024
  **Result**: 87.15 PPM Organic Fluorine

31.     The test results found organic fluorine present in the Product tested, which was the same Product as that purchased by Plaintiff.

32.     The test results indicate dangerous levels of organic fluorine. To put the test results into perspective, only a .202g sample of a single water ballon from the Product was tested. Further, the most recent California legislation pertaining to PFAS in consumer products will limit the total amount of added organic fluorine to 50 ppm (see Cal. Health & Safety Code § 108970(g)(2)).

33.     Because PFAS chemicals are "forever chemicals" and accumulate in the human body, there is in fact no safe manner or level of exposure to humans. The Products are particularly concerning given the following facts: (1) water balloons are marketed to and used by children; and (2) upon being thrown, water balloons leave behind latex fragments that leach chemicals into the surrounding environment.[11]

34.     Therefore, the existence of, and potential health risks from, the amount(s) of organic fluorine found in the Products thus implicates health and safety concerns that a reasonable consumer would find material and therefore, Defendant has a duty to disclose the existence of organic fluorine in the Products and omitted facts it was obliged to disclose.

_____

[11] Gilmour, Morgan E., et. al. "Latex Balloons Do Not Degrade Uniformly in Freshwater, Marine, and Composting Environments." *Journal of Hazardous Materials*, vol. 403, 5 February 2021. https://doi.org/10.1016/j.jhazmat.2020.123629.

CLASS ACTION COMPLAINT

**C.** **Defendant's Omission And Non-Disclosure Of The Existence Of Chemicals In The Products Implicates Health And Safety Concerns That A Reasonable Consumer Would Find Material**.

35.     The Products' marketing and advertising, including the website pages, product labels and packaging, were and are uniform and pervasive over the proposed class period.

36.     As set forth below, the marketing of the Products, including the Products' website pages, product labels and packaging as set forth herein, and in the photographs below, omit and do not provide any disclosure of the existence of, and potential health risks from, organic fluorine in the Products:

<u>**Front of Packaging**</u>                                          <u>**Back of Packaging**</u>

  

CLASS ACTION COMPLAINT

37.     The marketing and labeling of the Products, as set forth herein, including the Products' website pages, packaging and labels, should and could have revealed and disclosed the existence of, and potential health risks from, organic fluorine in the Products and could and should have provided a disclosure that states, at a minimum, "Caution: This product contains organic fluorine which is a known indicator of per and polyfluoroalkyl substance ("PFAS"). Exposure to PFAS may cause serious health effects."

38.     Plaintiff and other consumers were not and are not provided adequate information or warning of the existence of, and health risks from, organic fluorine in the Products from the Products' information panel provided by Defendant. Instead, the Products' information panel features misleading environmental claims such as, "SUMMER JUST GOT GREENER", and "[a] greener way to play the same fast filling fun!", and "join us in playing our way to a better future!"

39.     Defendant's omission and non-disclosure of the existence of, and health risks from, organic fluorine in the Products is unlawful for the following reasons:

a.   It is contrary to representations made by Defendant.  The existence of organic fluorine in the Products directly contradicts Defendant's marketing, as set forth above, and especially representations that the ZURU brand and Products are sustainable, quality products that are "GREENER."

b.   It is an omission of a fact Defendant was obliged to disclose, on the following basis:

i.     Defendant had exclusive knowledge of material facts not known or reasonably accessible to Plaintiff.  Defendant has exclusive knowledge of the manufacturing process and composition of materials and chemicals in the Products as Defendant is the manufacturer, distributor, and marketer of the Products.  At the time of purchase, Plaintiff lacked the knowledge of the manufacturing process and composition of materials and chemicals in the Products and lacked the expertise to ascertain the existence of organic fluorine

in the Products and their risks to human health.  Further, consumers lacked and continue to lack the knowledge of the manufacturing process and composition of materials and chemicals in the Products and the expertise to ascertain the existence of organic fluorine in the Products and their risks to human health. Plaintiff and reasonable consumers must, and do, rely on Defendant to disclose the materials, chemicals, and ingredients in the Products and advise of the risks that may potentially affect the health and/or safety of consumers.

ii.      Defendant made and continues to make partial representations that are misleading because some other material fact has not been disclosed. Defendant's representations and images that the ZURU brand and Products are sustainable, quality products that are "GREENER" are misleading in light of the omission of the existence of organic fluorine in the Products.

iii.      The undisclosed information of the existence of organic fluorine in the Products implicates safety concerns that a reasonable consumer would find material.

**D.  Plaintiff's And Consumers' Reliance On Defendant's Misrepresentations And Omissions And Resulting Harm.**

40.      Plaintiff and other consumers read, believed, and relied upon Defendant's marketing and advertising and omissions set forth herein when purchasing the Products. Plaintiff and other consumers reasonably understood the marketing and labeling and omission of the existence of organic fluorine in the Products to mean that the Products do not contain suspected harmful chemicals.

41.      In reliance on Defendant's labeling, marketing claims and omissions set forth herein, Plaintiff and consumers purchased products they would not have purchased but for Defendant's false promotion of the Products as being sustainable, quality products that are "GREENER" and its omission of information regarding the presence of organic fluorine in the Products.  Had Plaintiff and other consumers known the true nature of the Products and had

information regarding the presence of organic fluorine in the Products not been omitted from marketing and labeling materials, they would not have purchased and spent money on the Products.

42.      As such, Defendant has engaged in conduct which violates the California Consumers Legal Remedies Act ("CLRA"), particularly <u>California Civil Code</u> §§ 1770(a)(5), <u>Business & Professions Code</u> § 17200, et seq., <u>Business & Professions Code</u> § 17500, et seq. and Civil Code § 1750, et seq.

### E.  Summary Of Notice Of Violations Of Law And Demand For Relief.

43.      On June 17, 2024, Defendant was served by Plaintiff with written notices pursuant to Civil Code § 1750, et seq., which set forth Plaintiff's contentions and requested remedy.  Plaintiff's letter was sent via certified mail with electronic return receipt to Defendant who acknowledged receipt.  Defendant rejected Plaintiff's attempts to address the concerns stated herein and instead has allowed the Products to continue to be sold with full knowledge of the alleged claims.

44.      Wherefore, Plaintiff, the Class Members and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this Court, the non-disclosure of material information that implicates health and safety concerns that a reasonable consumer would find material will continue and cause great and irreparable injury to Plaintiff, the Class Members and other California consumers.

45.      Therefore, Plaintiff brings this action challenging Defendant's claims relating to the Products on behalf of himself and all others similarly situated under California's Consumers Legal Remedies Act, particularly <u>California Civil Code</u> §§ 1770(a)(5) and 1770(a)(7), <u>Business & Professions Code</u> § 17200, et seq., <u>Business & Professions Code</u> § 17500, et seq. and <u>California Civil Code</u> § 1750, et seq.

46.      Wherefore, Plaintiff seeks in equity an order compelling Defendant to discontinue the conduct alleged herein.

CLASS ACTION COMPLAINT

47.    Plaintiff further seeks an order compelling Defendant to restore the monetary amounts by which Plaintiff and the Class did not receive the value of the Product(s) they paid for and which Defendant has been unjustly enriched.

48.    Plaintiff further seeks actual and punitive damages, pre- and post-judgment interest, attorney's fees, and costs.

## II.    THE PARTIES

### A.    Defendant

49.    Defendant ZURU, LLC is a California corporation existing under the laws of the State of California ("Defendant ZURU").

50.    Defendant ZURU is the owner and distributor of the Product and is the company that created and/or authorized the omissions and false, misleading, and deceptive advertisements and packaging for the Product alleged herein.

51.    Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.  The true names and capacities, whether individual, corporate, associate or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sue this Defendant by fictitious names.  Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Los Angeles, California.

### B.    Plaintiff

52.    Plaintiff Leyth Dauod ("Plaintiff") is an individual residing in California.

53.    Plaintiff purchased the Product that contained organic fluorine.   Plaintiff was a frequent shopper of the Products and last purchased ZURU Bunch O Balloons Self-Sealing Water Balloons in Los Angeles County in Spring 2023. Plaintiff paid approximately $8.99 for the Product. The independent testing of the Product conducted by Plaintiff was the same

Product purchased by Plaintiff and near in time to Plaintiff's purchases (within twelve (12) months). Therefore, the Product Plaintiff purchased contained organic fluorine.

54.    Plaintiff used the Product on a daily basis multiple times and was therefore exposed to organic fluorine at a heightened level.

55.    Prior to and at the time of each purchase, Plaintiff considered Defendant's marketing and omissions related to the Products, including those set out herein, including that the ZURU brand and Products are sustainable, quality products that are "GREENER." Plaintiff reasonably relied on these misrepresentations and omissions in deciding to purchase the Products, and he would not have purchased the Products if the true facts had been known. As a direct result of Defendant's material misrepresentations and omissions, Plaintiff suffered and continues to suffer, economic injuries.

56.    Plaintiff would like to purchase the Product in the future.  Plaintiff understands that the composition of the Products could change to remove all organic fluorine over time. However, Plaintiff is unable to determine the composition of the Product before purchasing it again and whether the Product contains suspected harmful chemicals, or if it continues to contain organic fluorine.  Plaintiff might purchase the Products in the future, despite the fact they were once marred by false marketing and omissions of the existence of harmful chemicals in the Products, as he may reasonably assume, incorrectly, that the composition of the Products was changed to remove all organic fluorine.  As long as Defendant continues to manufacture the Products with organic fluorine but promote the ZURU brand and Products as being sustainable, quality products that are "GREENER" and not disclose to Plaintiff and the public of the existence of, and warn of the potential health risks from, organic fluorine in the Products, Plaintiff (and other consumers) will be unable to make informed decisions about whether to purchase the Products and will be unable to evaluate the differences between the Products and competitors' products. Plaintiff is further likely to be repeatedly misled by Defendant's conduct, unless and until Defendant is enjoined from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale of the Products as follows:

a. An order compelling Defendant to cease producing the Products with organic fluorine;

b. An order compelling Defendant to test for the existence of organic fluorine in the Products;

c. If detectable levels of organic fluorine are in the Products, an order compelling Defendant to cease marketing and advertising the ZURU brand and the Products as being sustainable, quality products that are "GREENER"; or

d. If detectable levels of organic fluorine are in the Products, an order compelling Defendant to disclose to Plaintiff and the public of the existence of, and warn of the potential health risks from, organic fluorine in the Products.

### III.    JURISDICTION AND VENUE

57.    This Court has personal jurisdiction over Plaintiff because Plaintiff resides in California and submits to the Court's jurisdiction.

58.    Defendant ZURU is a limited liability corporation formed in the State of California with a principal place of business located in Los Angeles County. Therefore, Defendant is subject to personal jurisdiction in California.

59.    Venue is proper in this District pursuant to California Civil Code § 1780(d), because Defendant is doing business and has its principal place of business in Los Angeles County.

### IV.    CLASS ACTION ALLEGATIONS

60.    Plaintiff brings this class action on his own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> All persons who purchased the Products in the State of California during the time period of four (4) years preceding the date of the filing of this class action through the present.
>
> (Referred to herein as "the Class" or "Class Members")

CLASS ACTION COMPLAINT

61.     Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

62.     Numerosity: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.

63.     Adequacy: Plaintiff is an adequate representative of the Class because Plaintiff's interests are the same as the Class in that Plaintiff and the Class Members were subjected to the same omissions and representations by Defendant as set forth herein; Plaintiff intends to prosecute this action vigorously and completely on behalf of himself and the Class Members; Plaintiff has retained competent counsel experienced in prosecuting class actions; and Plaintiff's interests do not conflict with the interests of the Members of the Class. Based thereon, the interests of the Class Members will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

64.     Commonality and Predominance of Common Issues: Defendant has acted on grounds common and applicable to the entire Class and therefore, numerous questions of law and fact are common to Plaintiff and the Class Members that predominate over any question affecting only individual Class Members thereby making relief appropriate with respect to the Class as a whole. Common and predominate factual and legal issues include but are not limited to:

  a.  The Products that were and are currently being manufactured, marketed, advertised and sold by Defendant over the proposed class period and the Product purchased and tested by Plaintiff, as set forth herein, have the same manufacturing process and composition of materials and chemicals and were marketed, advertised and sold by Defendant in the same place and manner.

  b.  The Products are labeled and packaged the same.  Therefore, Plaintiff and the Class Members were exposed to the same labeling and packaging for the Products.

c.  Defendant's marketing and representations about the ZURU brand and Products to which Plaintiff and the Class were exposed were the same during the class period and therefore common to Plaintiff and the Class Members.

d.  Defendant's omissions and non-disclosures as to the Products to which Plaintiff and the Class Members were exposed were the same during the class period and therefore common to Plaintiff and the Class Members.

e.  Whether the existence of organic fluorine in the Products implicates potential health or safety concerns to Plaintiff and the Class Members.

f.  Whether the omissions and non-disclosures by Defendant of the existence of organic fluorine in the Products were and are material to Plaintiff and the Class Members.

g.  Whether the marketing and advertising by Defendant promoting the ZURU brand and Products as being sustainable, quality products that are "GREENER" was and is material to Plaintiff and the Class Members.

h.  Whether the marketing and advertising by Defendant promoting the Products as being sustainable, quality products that are "GREENER" was and is false, deceptive and/or misleading in violation of <u>California Business & Professions Code</u> § 17200, et seq., <u>California Business & Professions Code</u> § 17500, et seq. and/<u>or California Civil Code</u> § 1750, et. seq.

i.  Whether the omission and non-disclosures by Defendant of the existence of, and health risks from, organic fluorine in the Products violates <u>California Business & Professions Code</u> § 17200, et seq., <u>California Business & Professions Code</u> § 17500, et seq. and/or <u>California Civil Code</u> § 1750, et. seq.

65.  Accordingly, the determination of Defendant's liability under each of the causes of action presents legal issues that are common to Plaintiff and the class as a whole.

CLASS ACTION COMPLAINT

66.     Typicality: Plaintiff's claims are co-extensive with those of the Class members as Plaintiff and the Class Members' injuries and claims arise from the same course of conduct by Defendant as alleged herein.

67.     The Class is identifiable and ascertainable.  Plaintiff has precisely defined the Class based on objective criteria whereby Class Members would be able to know whether they are a member of the prospective Class, specifically, all persons who purchased the Products in the State of California during the time period of four (4) years preceding the date of the filing of this class action through the present.

68.     Notice can be provided to such purchasers using techniques and a form of notice customarily used in class actions, including direct notice by email to the Class Members and other California consumers from Defendant's and third-party retailers' records, internet publication, radio, newspapers, magazines and other social media platforms such as YouTube, Instagram, TikTok and Facebook.

69.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  The expense and burden of individual litigation would make it impracticable and impossible for proposed Class Members to afford to seek legal redress for the wrongs complained of herein and prosecute their claims individually.  Therefore, absent a class or representative action, the Class Members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its wrongdoing.   Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.  Finally, trial on a representative and class basis would be manageable.  Liability may be determined by facts and law common to the Class Representative and the Class Members and monetary

damages or restitution may be determined by proven and approved methods on a class wide basis.

## VI.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, et seq.

## (Unlawful, Unfair, and Fraudulent Business Acts or Practices and Unfair, Deceptive, Untrue or Misleading Advertising)

70.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

71.    This cause of action is brought pursuant to Business and Professions Code §17200, et seq., on behalf of Plaintiff and the Class Members.

72.    Defendant is a "person" as defined by California Business & Professions Code § 17201.

73.    The omissions and non-disclosures of the existence and health risks of organic fluorine in the Products and the false, misleading and deceptive marketing and advertising by Defendant detailed herein constitute unlawful, unfair, and fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising within the meaning of California Business & Professions Code § 17200, et seq.

74.    Defendant's business practices, described herein, violated and continue to violate the "unlawful" prong of California Business & Professions Code § 17200, et seq. by violating California Civil Code §§ 3294, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

75.    Defendant, in its marketing and advertising of the ZURU brand and Products makes material omissions and false and misleading statements regarding the attributes and qualities of the Products, as set forth herein.

76.    Defendant knew that the omissions and representations that it made and continue to make about the Products are false, deceptive, and misleading to Plaintiff and Class Members.

77.     Defendant's omissions and false, deceptive, and misleading representations were material to Plaintiff and the Class Members and played a substantial part, and were a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Products.

78.     Plaintiff and the Class Members relied on Defendant's omissions and false, deceptive, and misleading representations and would not have purchased the Products if not for the omissions and false, deceptive, and misleading representations and marketing by Defendant about the Products set forth herein.

79.     Plaintiff and the Class Members have suffered injury in fact and have lost money or property as a result of Defendant's false, deceptive, and misleading representations and marketing set forth herein.

80.     The Products as purchased by the Plaintiff and the Class Members were and are unsatisfactory and worth less than the amount paid for them.

81.     Defendant's wrongful conduct is part of a pattern or generalized course of conduct.

82.     All of Defendant's conduct alleged herein occurs and continues to occur in Defendant's business.

83.     Wherefore, Plaintiff, the Class Members, and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this Court, the omissions and non-disclosure of material information by Defendant that implicate health and safety concerns that a reasonable consumer would find material (i.e. the non-disclosure of the existence and health risks of organic fluorine in the Products) and the continued false, misleading and deceptive marketing and advertising by Defendant promoting the ZURU brand and Products as being sustainable, quality products that are "GREENER", will continue and cause great and irreparable injury to Plaintiff, Class Members and other California consumers.

84.    Therefore, pursuant to <u>Business & Professions Code</u> § 17203, Plaintiff seeks an order in equity from this Court enjoining Defendant from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale of the Products as follows:

    a.    An order compelling Defendant to test for the existence of organic fluorine in the Products;

    b.    If detectable levels of organic fluorine are in the Products, an order compelling Defendant to cease marketing and advertising the ZURU brand and Products as being sustainable, quality products that are "GREENER"; and

    c.    If detectable levels of organic fluorine are in the Products, an order compelling Defendant to disclose to Plaintiff and the public of the existence of, and warn of the potential safety risks from, organic fluorine in the Products.

85.    In addition, Plaintiff seeks an order awarding Plaintiff and the Class Members restitution of the monetary amounts by which Plaintiff and the Class Members did not receive the value of the Products they paid for, and by which Defendant was unjustly enriched.

## SECOND CAUSE OF ACTION

**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, et seq.**

**(False and Misleading Advertising)**

86.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein.

87.    This cause of action is brought pursuant to <u>California Business and Professions Code</u> § 17500, et seq., on behalf of Plaintiff and the Class.

88.    As alleged in the preceding paragraphs, the omissions and non-disclosures of the existence of, and health risks from, organic fluorine in the Products and the false, misleading and deceptive marketing and advertising by Defendant promoting the ZURU brand and Products as being sustainable, quality products that are "GREENER" detailed herein constitute

unfair, unlawful, and fraudulent business practices within the meaning of <u>California Business &</u> <u>Professions Code</u> § 17500, et seq.

89.    Defendant intended the omissions and non-disclosures of the existence of, and health risks from, organic fluorine in the Products and the marketing and advertising by Defendant promoting the Products as being sustainable, quality products that are "GREENER" detailed herein.

90.    Defendant publicly disseminated advertising which contained unlawful omissions and non-disclosures of material facts (i.e. the existence of, and health risks from, organic fluorine in the Products) and publicly disseminated advertising promoting the ZURU brand and Products as being sustainable, quality products that are "GREENER" which Defendant knew, or should have known in the exercise of reasonable care, was untrue or misleading via advertising mediums that include but are not limited to, https://zurutoys.com/about, as set forth herein.

91.    Defendant's omissions and false, deceptive, and misleading representations were material to Plaintiff and the Class Members and played a substantial part, and were a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Products.

92.    Plaintiff and the Class Members relied on Defendant's omissions and false, deceptive, and misleading representations and would not have purchased the Products if not for the omissions and false, deceptive, and misleading representations and marketing by Defendant set forth herein.

93.    Plaintiff and the Class Members have suffered injury in fact and have lost money or property as a result of Defendant's false, deceptive, and misleading representations and marketing set forth herein.

94.    The Products as purchased by Plaintiff and the Class Members were and are unsatisfactory and worth less than the amount paid for them.

95.    All of Defendant's conduct alleged herein occurs and continues to occur in Defendant's business.

CLASS ACTION COMPLAINT

96.     Wherefore, Plaintiff, the Class Members, and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this Court, the omissions and non-disclosure of material information by Defendant that implicates health and safety concerns that a reasonable consumer would find material ( i.e. the non-disclosure of the existence of, and health risks from, organic fluorine in the Products) and the continued false, misleading and deceptive marketing and advertising by Defendant promoting the ZURU brand and Products as being sustainable, quality products that are "GREENER" will continue and cause great and irreparable injury to Plaintiff, Class Members and other California consumers.

97.     Therefore, pursuant to Business & Professions Code §17535, Plaintiff seeks an order in equity from this Court enjoining Defendant from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale of the Products as follows:

a.   An order compelling Defendant to test for the existence of organic fluorine in the Products;

b.   If detectable levels of organic fluorine are in Products, an order compelling Defendant to cease marketing and advertising the ZURU brand and Products as being sustainable, quality products that are "GREENER"; and

c.   If detectable levels of organic fluorine are in the Products, an order compelling Defendant to disclose to Plaintiff and the public of the existence of, and warn of the potential health risks from, organic fluorine in the Products.

98.     In addition, Plaintiff seeks an order awarding Plaintiff and the Class Members restitution of the monetary amounts by which Plaintiff and the Class Members did not receive the value of the Products they paid for and by which Defendant was unjustly enriched.

CLASS ACTION COMPLAINT

## **THIRD CAUSE OF ACTION**

### **VIOLATION OF CALIFORNIA CIVIL CODE § 1750, et seq.**

### **(Consumer Legal Remedies Act)**

99.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein.

100.     This cause of action is brought pursuant to California Civil Code § 1750, et seq., the Consumers Legal Remedies Act, on behalf of Plaintiff and a Class pursuant to California Civil Code § 1781 consisting of the Class defined above.

101.     The Class consists of thousands of persons, the joinder of whom is impracticable.

102.     There are questions of law and fact common to the Class, which questions are substantially similar and predominate over questions affecting the individual members, including but not limited to:

a.     The Products that were and are currently being manufactured, marketed, advertised and sold by Defendant over the proposed class period and the Product purchased and tested by Plaintiff, as set forth herein, have the same manufacturing process and composition of materials and chemicals and were marketed, advertised and sold by Defendant in the same place and manner.

b.     The Products were labeled and packaged the same during the proposed class period.  Therefore, Plaintiff and the Class Members were exposed to the same labeling and packaging for the Products.

c.     Defendant's marketing and representations promoting the ZURU brand and Products as being sustainable, quality products that are "GREENER" to which Plaintiff and the Class were exposed were the same during the proposed class period and therefore common to Plaintiff and the Class Members.

d.     Defendant's omissions and non-disclosures as to the Products to which Plaintiff and the Class Members were exposed were the same during the proposed class period and therefore common to Plaintiff and the Class Members.

CLASS ACTION COMPLAINT

e.  Whether the existence of organic fluorine in the Products implicates potential health or safety concerns to Plaintiff and the Class Members.

f.  Whether the omissions and non-disclosures by Defendant of the existence of organic fluorine in the Products were and are material to Plaintiff and the Class Members.

g.  Whether the marketing and advertising by Defendant promoting the ZURU brand and Products as being sustainable, quality products that are "GREENER" was and is false, deceptive and/or misleading in violation of California Civil Code § 1750, et. seq.

h.  Whether the omission and non-disclosures by Defendant of the existence of, and health risks from, organic fluorine in the Products violates California Civil Code § 1750, et. seq.

103.    As set forth in detail herein, Defendant publicly disseminated marketing and advertising which contained unlawful omissions and non-disclosures of material facts (i.e. the existence of, and health risks from, organic fluorine in the Products) and publicly disseminated marketing and advertising promoting the ZURU brand and Products as being sustainable, quality products that are "GREENER" when in fact they are not.

104.    The policies, acts, and practices described herein were intended to result in the sale of the Products to the consuming public and violated and continue to violate California Civil Code § 1770(a)(5) of the Act by making omissions and representations that the ZURU brand and Products have characteristics and benefits which they do not have as represented, and violate California Civil Code § 1770(a)(7) by representing that the Products are of a particular standard, quality, grade and style when they are of another.

105.    In doing so, Defendant intentionally misrepresented material facts.

106.    Defendant's omissions and representations about the Products led Plaintiff and other consumers to believe that the Products have characteristics, ingredients and benefits which

they do not have and are of a particular standard, quality, grade and style when they are of another.

107.    Defendant knew that the omissions and the representations concerning the Products' purported attributes and qualities were false and/or misleading and material to the Plaintiff, the Class Members and other consumers' purchase decisions.

108.    Defendant's actions as described hereinabove were done with a conscious disregard of Plaintiff's, the Class Members' and other consumers' rights.

109.    Defendant's omissions and false, deceptive, and misleading representations were material to Plaintiff and the Class Members and played a substantial part, and were a substantial factor, in influencing Plaintiff's and the Class Members' decisions to purchase the Products.

110.    Plaintiff and the Class Members relied on Defendant's omissions and false, deceptive, and misleading representations and would not have purchased the Products if not for the omissions and false, deceptive, and misleading representations and marketing by Defendant set forth herein.

111.    Plaintiff and the Class Members have suffered injury in fact and have lost money or property as a result of Defendant's false, deceptive, and misleading representations and marketing set forth herein.

112.    The Products as purchased by Plaintiff and the Class Members were and are unsatisfactory and worth less than the amount paid for them.

113.    On June 17, 2024, Defendant was served by Plaintiff with written notices pursuant to Civil Code § 1750, et seq., which set forth Plaintiff's contentions and requested remedy.  Plaintiff's letter was sent via certified mail with electronic return receipt to Defendant who acknowledged receipt.  Defendant rejected Plaintiff's attempts to address the concerns stated herein and instead has allowed the Products to continue to be sold with full knowledge of the alleged claims.

114.    All of Defendant's conduct alleged herein occurs and continues to occur in Defendant's business.

CLASS ACTION COMPLAINT

115.    Wherefore, Plaintiff and other California consumers have, among other things, no adequate remedy at law for the injuries that are currently being suffered and that will be suffered in the future in that, unless and until enjoined by order of this Court, the omissions and non-disclosure of material information by Defendant that implicates health and safety concerns that a reasonable consumer would find material (i.e. the existence of, and health risks from, organic fluorine in the Products) and the continued false, misleading and deceptive marketing and advertising by Defendant promoting the ZURU brand and Products as being sustainable, quality products that are "GREENER", will continue and cause great and irreparable injury to Plaintiff, Class Members and other California consumers.

116.    Therefore, pursuant to <u>California Civil Code</u> § 1780(a)(2), Plaintiff seeks an order in equity from this Court enjoining Defendant from continuing to engage, use, or employ the practice of falsely marketing and advertising for sale of the Products as follows:

a.    An order compelling Defendant to test for the existence of organic fluorine in the Products;

b.    If detectable levels of organic fluorine are in the Products, an order compelling Defendant to cease marketing and advertising the ZURU brand and Products as being sustainable, quality products that are "GREENER"; and

c.    If detectable levels of organic fluorine are in the Products, an order compelling Defendant to disclose to Plaintiff and the public of the existence of, and warn of the potential health risks from, organic fluorine in the Products.

117.    In addition, Plaintiff seeks an order awarding Plaintiff and the Class Members restitution of the monetary amounts by which Plaintiff and the Class Members did not receive the value of the Products they paid for and by which Defendant was unjustly enriched.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

## FIRST AND SECOND CAUSES OF ACTION

1.    An order enjoining Defendant from the practices complained of herein;

CLASS ACTION COMPLAINT

2.      An order certifying that the action may be maintained as a Class Action;

3.      For an award of restitution in an amount according to proof at trial;

4.      For an award of attorney's fees pursuant to <u>California Civil Code</u> § 1021.5.

### THIRD CAUSE OF ACTION

1.      An order enjoining Defendant from pursuing the practices complained of pursuant to <u>California Civil Code</u> § 1780(a)(2);

2.      An order certifying that the action may be maintained as a Class Action pursuant to <u>California Civil Code</u> § 1781;

3.      For an award of restitution in an amount according to proof at trial pursuant to <u>California Civil Code</u> § 1780(a)(3);

4.      For an award of punitive damages pursuant to <u>California Civil Code</u> § 1780(a)(4);

5.      For an award of costs of this suit pursuant to <u>California Civil Code</u> § 1780(e);

6.      For an award of attorney's fees pursuant to California Civil Code § 1780(e) and/or <u>California Civil Code</u> § 1021.5.

### FURTHER RELIEF

Plaintiff further seeks actual and punitive damages pursuant to <u>California Civil Code</u> § 3294, pre- and post-judgment interest and such other and further relief as the Court may deem necessary or appropriate.

### VII.    JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED:  October 22, 2024                    STEVENS, L.C.


By:   _____
      Paul D. Stevens
      Attorneys for Plaintiff and the Class

CLASS ACTION COMPLAINT

Paul D. Stevens (Cal. Bar. No. 207107)
pstevens@stevenslc.com
Lauren A. Bochurberg (Cal. Bar. No. 333629)
lbochurberg@stevenslc.com
**STEVENS, LC**
1855 Industrial Street, Suite 518
Los Angeles, California 90021
Tel: (213) 270-1211

*Attorneys for Plaintiff and the Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/22/2024 3:25 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LEYTH DAUOD, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ZURU LLC. and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No. 24STCV27674<br><br><u>CLASS ACTION COMPLAINT</u><br><br>**DECLARATION OF PAUL D. STEVENS, ESQ. RE: VENUE PURSUANT TO CAL. CIV. CODE § 1780 (d)** |

1

## <u>DECLARATION OF PAUL D. STEVENS, ESQ.</u>

I, Paul D. Stevens, declare as follows:

1.      I am an attorney admitted and licensed to practice in the state of California and before all of the United States District Courts in the State of California as well as the Ninth Circuit Court of Appeals and United States Supreme Court. I am a member in good standing and have never been subject to discipline by any court.

2.      I am the owner/principal attorney of the law firm of Stevens, LC, counsel for Plaintiff and the putative Class in this action. I have personal knowledge of the matters stated herein. If called as a witness, I could and would testify truthfully and competently thereto under oath.

3.      I submit this declaration pursuant to California Civil Code § 1780(d) in support of showing that the action has been commenced in a county described in § 1780(d) as a proper place for the trial of the action.

4.      This Court is proper for trial of this action because Defendant is doing business in Los Angeles County and Los Angeles County is where a substantial portion of the transaction that is the subject of the above-entitled action occurred.

5.      I declare and state under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed this 22 day of October, 2024 in Los Angeles, California.


STEVENS, LC


Paul D. Stevens, Esq.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>10/22/2024<br><br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Vega _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV27674 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Lawrence P. Riff | 7 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on <u>10/23/2024</u>
     (Date)

David W. Slayton, Executive Officer / Clerk of Court

By <u>C. Vega</u>_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/22/2024 3:25 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ZURU LLC. and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LEYTH DAUOD, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N. Hill St. Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
24STCV27674

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul D. Stevens/Lauren Bochurberg, STEVENS LC, 1855 Industrial St., Suite 518, Los Angeles, CA 90021, Tel: 213-270-1215

DATE: October 22, 2024
*(Fecha)* 10/22/2024

Clerk, by David W. Slayton, Executive Officer/Clerk of Court , Deputy
*(Secretario)* C. Vega *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/24/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Morales _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Leyth Dauod | |
| DEFENDANT/RESPONDENT:<br>Zuru LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV27674 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Newly Assigned Case) of 10/24/2024, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Paul D. Stevens
Stevens, LC
1855 Industrial Street
Suite 518
Los Angeles, CA 90021

David W. Slayton, Executive Officer / Clerk of Court

Dated: 10/24/2024                    By:   A. Morales _____
                                                    Deputy Clerk

**CERTIFICATE OF MAILING**

1
2
3
4
5
6
7

**FILED**
Superior Court of California
County of Los Angeles

**OCT 24 2024**

David W. Slayton, Executive Officer/Clerk of Court
By: A. Morales, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10
11   LEYTH DAUOD                          )
                                          )   Case No. 24STCV27674
12              Plaintiff,                )
                                          )
13   vs.                                  )   INITIAL STATUS CONFERENCE ORDER
                                          )
14   ZURU LLC.                            )   DATE: January 10, 2025
                                          )
15              Defendants                )   TIME: 10:00 a.m.
                                          )
16                                        )   PLACE: DEPARTMENT 7, SPRING ST.
                                          )
17                                        )   **JOINT STATEMENT DUE FIVE COURT
                                          )   DAYS IN ADVANCE OF HEARING**
18                                        )
19   _____

20
21          This case has been assigned for all purposes to Judge Lawrence P. Riff.

22          Please read the important courtroom information for Department 7 posted on the

23   court's website (www.lacourt.org) (go to "courtroom information on the main page) which

24   contains answers to many frequently asked questions.

25          The Court has scheduled an Initial Status Conference on the date and at the time set

26   out above in Department 7, Second Floor, 312 North Spring Street, Los Angeles, California

27   90012.

28

                                            1

                                       ISC ORDER

1  Department 7 utilizes the LACourtConnect video and telephonic conference platform

2  for hearings. Parties and counsel are invited to appear in person or via LACourtConnect.

3  The Court has no preference. When appearing via LACourtConnect, please do so from a

4  quiet place. Rules concerning court attire apply.

5

6  ## COUNSEL TO FILE NOTICE OF APPEARANCE;

7  ## PLEADING STAY UNTIL FURTHER ORDER

8  The Court orders each defendant promptly following service of summons and

9  complaint to file a Notice of Appearance of counsel.  The Notice of Appearance does not

10  affect or prejudice any counsel's or party's legal position on any issue including without

11  limitation any jurisdictional challenge.

12  The Court hereby issues a stay on the filing and service of any other pleadings.

13  Notwithstanding the stay, (a) a party may file notice of related case and (b) a

14  plaintiff may file an amended complaint to add a PAGA claim to a wage and hour putative

15  class action provided that no answer to the original complaint has been filed.

16  The Court issues the stay to provide for an orderly schedule for briefing and

17  hearings on procedural and substantive pleadings challenges. This stay precludes without

18  limitation the filing of any demurrer, motion to strike, motion challenging the jurisdiction of

19  the Court or cross-complaint until further order of the Court.

20

21  ## DISCOVERY STAY UNTIL FURTHER ORDER

22  The Court hereby imposes a stay on all discovery proceedings until further order

23  of the Court including any obligation to make initial disclosures. This stay  does not prevent

24  the parties from informally exchanging documents or information that may assist in their

25  initial evaluation of the issues presented in this case. This stay ordered by the Court for

26  purposes of case management is not a stay under Code of Civil Procedure section 583.310

27  unless the Court so orders.

28

1

**INITIAL STATUS CONFERENCE**

2      The purpose of the Initial Status Conference is to identify a fair and efficient way of

3  proceeding with the case. The Court encourages the parties to propose approaches to case

4  management.

5      The Court orders counsel for all parties to confer via telephone, videoconference or

6  other real time technology, at least **seven court days** before the Initial Status Conference.

7  The purpose of the meeting is to discuss the issues set out below so that counsel can

8  prepare a Joint Statement to be filed with the Court **five court days** before the Initial Status

9  Conference.

10     All parties in Department 7 must sign up with an e-service provider and activate a

11 message board so that the Court can communicate with counsel prior to the ISC. The Court

12 orders the parties to agree upon and sign up with an e-service provider (Case Anywhere or

13 File & ServeXpress) at least **five court days** before the ISC. So that the Court can promptly

14 issue an order appointing the e-service provider, the Court orders Plaintiff's counsel to

15 identify the selected e-service provider by sending an email to Dept. 7 at

16 SSCDept7@lacourt.org upon agreement of an e-service provider.

17     Please remember that **electronic service** is not the same **as electronic filing**.

18

19     **PREPARING FOR THE ISC AND PREPARATION OF THE JOINT**

20                              **STATEMENT**

21     Plaintiff's counsel should take the lead in preparing the Joint Statement and in

22 ensuring that it includes a brief description of the facts and causes of action and addresses

23 the following questions.  To the extent the parties disagree on any question, each party

24 should set out his, her or its position in a separate paragraph beneath the issue or question

25 heading.

26     1.  Are there any issues of judicial recusal or disqualification?

27     2.  The case type:

28        (a)   wage and hour class action with or without PAGA

(b)  other class action (describe)

(c)  construction defect

(d)  mass tort

(e)  insurance coverage

(f)  other (describe)

Each party should *briefly* describe the nature of the case, and the claims and defenses.  For wage and hour class actions, the parties should describe, to the extent known, the nature of the defendant's business, plaintiff's relevant work duties and the alleged work violation(s).

3.  The status of service and notice(s) of appearance(s) by defendant(s)?

4.  Whether any party intends to challenge jurisdiction (subject matter or personal).

5.  The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).

6.  What provisions should be made for the preservation of evidence?

7.  What provisions should be made for electronically stored evidence? [1]

8.  Do the parties need a limited- or non-dissemination protective order? (The court recommends the model protective orders found on the Los Angeles Superior Court website (www.lacourt.org) under the Complex Court tab ("Civil Tools for Litigators."))

9.  A proposed deadline for adding and serving any new parties.

10. Should either or both the pleading and discovery stay be lifted and, if so, when and for what purposes?

---

[1] If electronically stored information must be produced, the court encourages the parties' respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

4

11. The identification of any "related case". (Answer question 15 for wage and hour class action/PAGA matters.)

12. A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers and email addresses.

13. Recommended orders to be made at the ISC.

14. Recommended date for the next status conference.

## FOR WAGE AND HOUR PUTATIVE CLASS ACTIONS/PAGA MATTERS

15. Each party should state, if known: (a) the estimated size of any putative class; (b) a description (including case numbers) of any related or potentially related cases pending in other departments of the Los Angeles Superior Court or any other court (including class actions with overlapping class definitions); and (c) whether a class representative has or is expected to file a PAGA claim either as an amendment in this lawsuit or filed separately, independent of this lawsuit—and if so, whether such separate lawsuit should be deemed related to this lawsuit; and if not, why not. (Parties are encouraged to review their obligations regarding notices of related cases.)

16. Does any party intend to move to compel arbitration? Before filing a motion to compel arbitration, the defendant must provide the plaintiff with a copy of the arbitration agreement, and meet and confer with counsel to determine whether the plaintiff will oppose the motion to compel arbitration.

The defendant so intending to move is required to provide a copy of the relevant agreements purportedly containing the arbitration provisions well before the ISC meet and confer, and plaintiff's counsel is expected to have formed a position as to whether plaintiff will or will not oppose a demand for arbitration and whether discovery should be opened relative to the subject of arbitration.

17. The parties' positions on "class list" discovery and arrangements for a Belaire-West notice process.

ISC ORDER

1    18. Are the parties committed to engage in early mediation and if so, (a) when is

2    the mediation scheduled to occur and (b) what accommodations, if any, do they parties seek

3    from the court?  (Note: this should be discussed with clients well in advance of the ISC so

4    that counsel are in a position to make commitments at the ISC.)

5

6              **PLAINTIFF'S COUNSEL TO SERVE THIS ISC ORDER**

7        The Court orders Plaintiff's counsel to serve this Initial Status Conference Order

8    on counsel for all other parties, or if counsel's identity is not known, on the parties within

9    **seven court days** of the date of this Order.

10

11

12

13

14   Dated:    OCT 2 4 2024

                                        _____
15
                                        Lawrence P. Riff
16                                      Judge of the Superior Court

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**24STCV27674**                                                    October 24, 2024
**LEYTH DAUOD vs ZURU LLC**                                            11:14 AM

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: A. Morales             ERM: None
Courtroom Assistant: T. Bivins             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Court Order Re: Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 01/10/2025 at 10:00 AM in this department. At least seven (7) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**24STCV27674**                                                      October 24, 2024
**LEYTH DAUOD vs ZURU LLC**                                          11:14 AM

Judge: Honorable Lawrence P. Riff          CSR: None
Judicial Assistant: A. Morales             ERM: None
Courtroom Assistant: T. Bivins             Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

Counsel are directed to access the following link for further information on procedures in the

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**24STCV27674**                                                    October 24, 2024
**LEYTH DAUOD vs ZURU LLC**                                                11:14 AM

Judge: Honorable Lawrence P. Riff              CSR: None
Judicial Assistant: A. Morales                 ERM: None
Courtroom Assistant: T. Bivins                 Deputy Sheriff: None

Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within seven (7) days
of service.

Certificate of Mailing is attached.

---

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Stevens, LC<br>Paul Stevens SBN 207107<br>1855 Industrial St Apt 518<br>Los Angeles, CA 90021<br>     TELEPHONE NO:                FAX NO *(Optional)*:<br>  E-MAIL ADDRESS *(Optional)*:  pstevens@stevenslc.com<br>  ATTORNEY FOR *(Name)*:  Plaintiff | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/24/2024 12:05 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By C. Perez, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
  STREET ADDRESS:  312 N. Spring St.
  MAILING ADDRESS:
  CITY AND ZIP CODE:  Los Angeles, 90012
  BRANCH NAME:  Spring St.

| PLAINTIFF / PETITIONER:  Leyth Dauod, et al.<br>DEFENDANT / RESPONDENT:  Zuru LLC., et al. | CASE NUMBER:<br>24STCV27674 |
| --- | --- |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>12043354 (23994101) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   Civil Case Cover Sheet Addendum and Statement of Location, Declaration of Paul D. Stevens, Esq. re: Venue Pursuant to Cal. Civ. Code § 1780 (d), Notice of Case Assignment, Notice of Case Assignment - Unlimited Civil Case,

3. a. Party served *(specify name of party as shown on documents served)*:
      Zuru LLC.
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      CT Corporation System - Sarai Marin, Intake Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served:
   330 North Brand Blvd #700, Glendale, CA 91203

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   Wed, Oct 23 2024       (2) at *(time)*:   12:50 PM
   b. [ ] **by substituted service.** On *(date)*:       at *(time)*:       I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:         from *(city)*:       or [ ] a declaration of mailing is attached.
   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

| | |
|---|---|
| PLAINTIFF / PETITIONER: Leyth Dauod, et al.<br>DEFENDANT / RESPONDENT: Zuru LLC., et al. | CASE NUMBER:<br>24STCV27674 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*:           (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify)*:  Zuru LLC.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☒ other:   Corp. Code 17701.16, LLC | |

7. **Person who served papers**
  a. Name:                Zoe Roller
  b. Address:           1400 North McDowell Blvd Suite 300, Petaluma, CA  94954
  c. Telephone number:    800-938-8815
  d. **The fee** for service was:  $50.00
  e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
     (i) ☐ owner ☐ employee ☒ independent contractor
     (ii) Registration No: 2023100296
     (iii) County:  Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  October 23, 2024

Zoe Roller
_____
  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
                   (SIGNATURE)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| StevensLC<br>Paul Stevens SBN 207107<br>1855 Industrial St Apt 518<br>Los Angeles, CA 90021<br>TELEPHONE NO:                                          FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:   pstevens@stevenslc.com<br>ATTORNEY FOR *(Name)*:   Plaintiff | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/31/2024 10:49 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk** |

| *Insert name of court, judicial district or branch court, if any:*<br>Superior Court of California, County of Los Angeles<br>Spring St.<br>312 N. Spring St.<br>Los Angeles, CA  90012 | |
|---|---|

| PLAINTIFF / PETITIONER:   Leyth Dauod<br>DEFENDANT / RESPONDENT:   Zuru LLC. | CASE NUMBER:<br>24STCV27674 |
|---|---|
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>12082321 (24039194) |

1. At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of:
Minute Order , Initial Status Conference Order

2. Party Served:                    Zuru LLC

3. Person Served:                   CT Corporation System - Sarai Marin, Intake Specialist

4. Date & Time of Delivery:         October 30, 2024 at 12:41 pm PDT

5. Address, City and State:         330 North Brand Blvd #700 Glendale, CA, 91203

6. Manner of Service:               Personal Service - By personally delivering copies.

Fee for service: $40.00

Registered California process server.
Joshua May
County: Los Angeles
Registration No.: 2022270694

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

_____
Joshua May

Date: October 31, 2024

---

**PROOF OF SERVICE**