UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-09737-JLS-RAO                                    Date: February 10, 2025
Title: Leyth Dauod v. Zuru LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER (1) TO SHOW CAUSE RE JURISDICTION AND (2) CONTINUING HEARING ON DEFENDANT'S MOTION TO DISMISS (Doc. 11)**

Plaintiff Leyth Dauod initiated this putative class action on behalf of himself and others similarly situated in Los Angeles County Superior Court, alleging that Defendant Zuru, LLC violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; California's False and Misleading Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; and California's Consumer Legal Remedies Act, Cal. Civil Code § 1750 *et seq*. (Compl. ¶¶ 70–117, Ex. A to Chavin Decl., Doc. 1-1.) Defendant removed, invoking this Court's jurisdiction under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1441(a). (Notice of Removal ("NOR"), Doc. 1.)

CAFA requires, among other things, that the amount in controversy "exceed[] the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2). "A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal,'" including the amount in controversy. *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)). Where the plaintiff's state-court complaint includes a damages demand, that amount, if made in good faith, "shall be deemed to be the amount in controversy." *Id.* § 1446(c)(2). Where the plaintiff's complaint "does not specify the damages sought, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-09737-JLS-RAO                                                      Date: February 10, 2025
Title: Leyth Dauod v. Zuru LLC et al

defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal." *Moe*, 73 F.4th at 761. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff *or questioned by the court.*" *Id.* (quoting *Dart*, 574 U.S. at 87).

Here, Plaintiff's complaint does not specify the damages sought, so Defendant was obligated to plausibly allege the amount in controversy. (*See* Compl.) Defendant asserts in its Notice of Removal that the amount in controversy plausibly "exceeds $5,000,000" based on (1) Plaintiff's allegations that Defendant sold "thousands" of units of the Product at issue during the alleged class period at "prices ranging from $8.99 to $11.99" per unit; and (2) the fact that, in addition to restitution, Plaintiff seeks injunctive relief, punitive damages, and attorneys' fees. (NOR ¶¶11–14; *see also* Compl. ¶¶ 5, 8, 62.) Yet Defendant provides no further information as to its sales data or the products sold during the alleged class period to support its calculation of the amount of controversy. Nor does Defendant offer any basis for its assertion that the "threat of punitive damages and attorneys' fees, coupled with the cost of complying with [the] injunct[ive]" relief sought, would "push the amount in controversy well over the $5,000,000 threshold." (NOR. ¶¶ 13–14.)

Defendant bears "the burden to show that the amount-in-controversy requirement is met by a preponderance of the evidence." *Moe*, 73 F.4th at 762. Typically, a defendant claiming that CAFA's amount-in-controversy requirement is met in class actions of this nature states with more particularity *how* it calculates the damages in controversy and *what* those calculations yield as to a damages estimate; *how* it estimates attorneys' fees with reference to evidence of attorneys' fees awards in similar cases, and *what* that estimate is; and *what* figure it estimates as punitive damages and on what basis. Defendant has done none of this here, leaving the Court without sufficient information to determine whether CAFA's amount-in-controversy requirement is satisfied. *See Moe*, 73 F.4th at 761–62.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-09737-JLS-RAO Date: February 10, 2025
Title: Leyth Dauod v. Zuru LLC et al

    Accordingly, Defendant is ORDERED to show cause, in writing, no later than **fourteen (14) days** from the date of this Order, why CAFA's amount-in-controversy requirement is met. Plaintiff shall have **seven (7) days** thereafter to submit any response. No further briefing is permitted. The parties' briefing shall not exceed **five (5) pages**, not including any declaration(s).

    In light of this Order, the hearing on Defendant's Motion to Dismiss (Doc. 11), currently set for February 14, 2025 at 10:30 a.m., is CONTINUED to **March 21, 2025 at 10:30 a.m**.

 Initials of Deputy Clerk: kd